IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DELOS INSURANCE COMPANY,   )
                           )
     Petitioner,           )
                           )
v.                         )   No. _____
                           )
ROBARDS EXPRESS, INC.; ASH )
TRUCKING, INC.; JACKIE     )
TROUTMAN, individually, and as )
Administrator of the estate of FARRIS )
TROUTMAN, deceased; DANNY RAY; )
and ANDRE SHVED ,          )
                           )
     Respondents.          )

## PETITION FOR DECLARATORY JUDGMENT

Petitioner, Delos Insurance Company ("Delos"), pursuant to the authority of T.C.A. §29-14-103, petitions the Court to determine and to declare its rights and obligations under a policy of automobile liability insurance issued to Robards Express, Inc. and Ash Trucking, Inc. in the State of Tennessee, and for cause of action would state the following:

### Parties and Venue

1.  Petitioner, Delos, is an insurance company incorporated under the laws of the State of Delaware and is qualified to write insurance and otherwise conduct business in Tennessee. Delos wrote and issued a policy of commercial automobile liability insurance (the "Policy") to Robards Express, Inc. and Ash Trucking, Inc., 2802 South Market Street, Chattanooga, TN 37410, which was in full force and effect on May 4, 2008. The Policy number is DAL 010004. A certified copy of the Policy is attached hereto as Exhibit A.

2. Respondents Robards Express, Inc. and Ash Trucking, Inc. are trucking companies with principal places of business located at 2802 South Market Street, Chattanooga, Hamilton County, Tennessee.

3. Respondents Farris Troutman and Jackie Troutman are citizens and residents of Evensville, Rhea County, Tennessee. Based upon information and belief, Farris Troutman and wife Jackie Troutman are the surviving parents of Stewart Troutman, deceased. Further, based upon information and belief, Farris Troutman and Jackie Troutman are the administrators of the Estate of Stewart Troutman and, as such, they are being sued, in part, in their capacity as administrators of the estate.

4. Respondent Danny Ray is a citizen and resident of Hamilton County, Tennessee.

5. Respondent Andre Shved is believed to be a citizen and resident of Hamilton County, Tennessee.

6. Farris Troutman and Jackie Troutman, individually, and as administrators of the Estate of Stewart Troutman, Danny Ray and Andre Shved are named as parties to this declaratory judgment action pursuant to the authority of T.C.A. §29-14-107(a) because they have an interest which may be affected by the declaration being sought by Delos.

7. Respondents Robards Express, Inc., Ash Trucking and Andre Shved are residents of and have principal business offices located in Hamilton County, Tennessee. Jurisdiction and venue are proper in this Court pursuant to T.C.A. §§ 20-2-214 and 20-4-101.

## Jurisdiction

8. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, diversity of citizenship. The amount in controversy exceeds $75,000 exclusive of interest and costs.

2

## Facts

9. On or about May 4, 2008, Stewart Troutman and Danny Ray were involved in a motor vehicle accident in Cleveland County, Oklahoma. ("Accident"). At the time of the accident, Respondent Danny Ray was allegedly driving a commercial vehicle owned by Robards Express, Inc., Ash Trucking, Inc. and/or Andre Shved. Further, at the time of the Accident, Danny Ray was operating the commercial vehicle as an employee of and within the course and scope of his employment with Robards Express, Inc. and/or Ash Trucking, Inc. Further, at the time of the Accident, Stewart Troutman, deceased, was occupying the commercial vehicle driven by Danny Ray while he was an employee of and acting within the course and scope of his employment with Robards Express, Inc. and/or Ash Trucking, Inc.

10. Based upon information and belief, Stewart Troutman died of injuries he sustained in this accident on August 29, 2008.

11. On February 5, 2009, a wrongful death lawsuit styled <u>Farris Troutman and wife Jackie Troutman, as next of kin of now deceased, Stewart Troutman v. Danny Ray and Andre Shved d/b/a A. SH Trucking and/or Robard Express</u>, Case No. 09C208, was filed in the Hamilton County, Tennessee, Circuit Court ("Tort Suit"). A true and correct copy of the Tort Suit is attached hereto as Exhibit B.

12. The Tort Suit contains the following pertinent allegations:

> **5. On or about May 4, 2008, Defendant, Danny Ray was driving a 2000 Volvo transfer truck with trailer traveling on Interstate 40 through Shawnee, Oklahoma, which Plaintiffs allege upon information and believe, was owned by Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express. Defendant, Danny Ray, was operating the 2007 Volvo transfer truck with trailer in the course of and within the scope of his**

3

employment and in furtherance of the business of Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express, at the time of the collision hereinafter described. Stewart Troutman, was a passenger and a team driver in the course of and within the scope of his employment and in furtherance of the business of the Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express at the time of the collision hereinafter described.

. . .

12. The negligence and negligence *per se* of Defendant, Danny Ray, is imputed to the Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express, by the doctrine of *respondeat superior*. At the time of the collision hereinabove described and immediately prior thereto, Defendant, Danny Ray, was operating a 2007 Volvo transfer truck with trailer owned by Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express with the company's consent and knowledge and under the authority given by that company. Defendant, Danny Ray, was an employee of Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express, and was acting within the course of and within the scope of his employment and in furtherance of the business of the Defendant, Andre Shved d/b/a A. SH. Trucking and/or Robard Express, at the time he committed the acts of negligence and negligence *per se* which proximately caused the collision and subsequent injuries and property damage suffered and sustained by Stewart Troutman. Stewart Troutman was an employee of Andre Shved d/b/a A. SH. Trucking and/or Robard Express. Therefore, the Defendants are jointly severally liable to the Plaintiffs for all damages

4

proximately caused by the above described acts of negligence and negligence *per se.*

...

8.  The accident, injuries, and damages for which the Plaintiffs sue were proximately caused by the negligence of the Defendant in the operation of his motor vehicle. ...

...

10. At the date and time of the aforementioned accident JESSE C. GRAY was driving a vehicle owned by National Car Wash and was using said vehicle within the course and scope of his employment and was on the Defendant's business, therefore imputing the negligence of the Defendant, JESSE C. GRAY, to the Defendant, NATIONAL CAR WASH, under the theory of Respondeat Superior and as provided for under T.C.A. § 55-10-311.

### The Policy

13. The Policy issued by Delos was in full force and effect on the date of the Accident.

14. The Policy contains the following pertinent provisions:

**SECTION II – LIABILITY COVERAGE**

A.  Coverage

1.  Who Is An Insured

However, none of the following is an "insured":

  a.  Any "trucker" or his or her agents or "employees", other than you and your "employees":

  (1) If the "trucker" is subject to motor carrier insurance requirements and meets them by a means other than "auto" liability insurance.

5

(2)  If the "trucker" is not insured for hired "autos" under an "auto" liability insurance form that insures on a primary basis the owners of the "autos" and their agents and "employees" while the "autos" are being used exclusively in the "truckers" business and pursuant to operating rights granted to the "trucker" by a public authority.

...

**B.  Exclusions**

This insurance does not apply to any of the following:

**3.  Worker's Compensation**

Any obligation for which the "insured" or the "insureds" insurer may be held liable under any workers' compensation, disability benefits or unemployment compensation law or any similar law.

**4.  Employee Indemnification And Employer's Liability**

"Bodily injury" to:

a.  An "employee" of the "insured" arising out of and in the course of:

(1)  Employment by the "insured"; or
(2)  Performing the duties related to the conduct of the "insured's" business; or

b.  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph a. above.

This exclusion applies:

(1)  Whether the "insured" may be liable as an employer or in any other capacity; and

(2)  To any obligation to share damages with or repay someone else who must pay damages because of the injury.

...

**5.  Fellow Employee**

6

"Bodily injury" to any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business.

...

## SECTION IV – DEFINITIONS

...

**F.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

...

**I.** "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".

...

**Q.** "Trucker" means any person or organization engaged in the business of transporting property by "auto" for hire.

**R.** "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

### Causes of Action

15. Delos would assert there is no coverage under the Policy for those claims relating to the accident and/or alleged in the Tort Suit because the Accident resulted in bodily injury to an employee of the insured arising out of and in the course of employment by the insured and/or while he was performing the duties related to the conduct of the insured's business. Therefore, Delos is under no legal and/or contractual duty to defend or indemnify the Respondents for those claims related to the Accident and/or alleged in the Tort Suit.

16. Alternatively, Delos would assert there is no coverage under the Policy for those claims relating to the Accident and/or alleged in the Tort Suit because the Accident resulted in

7

bodily injury to a fellow employee of the insured arising out of and in the course of the fellow employee's employment or while performing duties related to the conduct of the insured's business. Therefore, Delos is under no legal and/or contractual duty to defend or indemnify the Respondents for those claims relating to the Accident and/or alleged in the Tort Suit.

17. Alternatively, Delos would assert there is no coverage under the Policy for those claims relating to the Accident and/or alleged in the Tort Suit because Plaintiffs' claims in the Tort Suit create an obligation for which the insured or insureds may be held liable under worker's compensation, disability benefits or unemployment compensation laws. Therefore, Delos is under no legal and/or contractual duty to defend or indemnify the Respondents for those claims relating to the Accident and/or alleged in the Tort Suit.

18. The parties have present rights which have accrued under presently existing facts and, further, they have real interests in the question raised by this Declaratory Judgment action, all of which means a legitimate justiciable controversy is presented to the Court, as contemplated by T.C.A. §29-14-101, et seq.

WHEREFORE, the above premises considered, your Petitioner, Delos, prays as follows:

1. That process issue for service of this Declaratory Judgment action on respondents, so that they may be apprised of the claim being made and answer thereto;

2. That upon a hearing, the Court declares that the Petitioner is under no legal and/or contractual duty to defend or indemnify the Respondents for those claims relating to the Accident and/or alleged in the Lawsuit.

3. That your Petitioner has such other and further relief as it may be entitled to under the law.

Respectfully submitted,

_____
Mark S. LeVan (#012155)
Christopher M. Jones (#22142)
**LeVAN, SPRADER, PATTON & McCASKILL**
150 Fourth Avenue North, Suite 1020
Nashville, TN 37219
(615) 843-0300 phone
(615) 843-0310 facsimile

9